## ROBERTS et al. v. HOPE et al.

No. 2863.   Opinion Filed August 6, 1913.

(134 Pac. 434.)

1.   **JUDGMENT—Default—Motion to Vacate.** A petition filed under the fourth and seventh subdivisions of section 6094, Comp. Laws 1909 (section 5267, Rev. Laws 1910), seeking to vacate a judgment of the district court, may properly be filed in the original action in which the judgment sought to be vacated was rendered.

2.   **SAME—Petition to Vacate—Striking from Files.** It is reversible error to strike from the files a petition, otherwise sufficient, filed under authority of the above section of the statute, on the

ground that it was not filed within three days after judgment was rendered, or during the term at which said judgment was rendered, or because it was filed in the original action.

(Syllabus by Sharp, C.)

### Error from District Court, Atoka County; Robert M. Rainey, Judge.

Action by Tom Hope and others against W. D. Roberts and others. From an order sustaining a motion to strike from the files a petition to vacate and set aside a default judgment, and to grant a new trial, defendants bring error. Reversed and remanded.

*Blakeney, Maxey & Miley,* for plaintiffs in error.

*J. F. McKeel* and *J. G. Ralls,* for defendants in error.

Opinion by SHARP, C. On the 30th day of May, 1910, pursuant to the provisions of sections 6094 and 6096, Comp. Laws 1909 (sections 5267, 5269, Rev. Laws 1910), the defendants filed in the district court of Atoka county a petition seeking to have vacated and set aside a former judgment of that court, rendered in the same entitled and numbered cause of action on March 2, 1910. The petition to vacate the former judgment of the court was predicated upon the fourth and seventh subdivisions of section 6094, *supra.* That provision of said section involved reads:

"The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made: * * * Fourth, for fraud, practiced by the successful party, in obtaining the judgment or order. * * * Seventh, for unavoidable casualty or misfortune, preventing the party from prosecuting or defending."

Præcipe for summons was filed, and summons was duly issued by the clerk of the district court, in compliance with the statute (section 6096, *supra*). On the 20th day of February, 1911, the plaintiffs filed their motion to strike from the files defendants' petition, by which it was sought to have vacated and set aside the original judgment, on the grounds that said petition was filed more than three days after the rendition of the original judgment, and after the expiration of the term at which the

judgment was rendered, and urging generally "that the said petition is not proper, and has no place in this record." The motion, coming on to be heard, was by the court sustained on each of the grounds set forth in the motion, and for the further reason that said petition could not properly be filed in the original action; that if authority therefor existed, it should have been filed in a new, separate, and independent action.

The scope of our inquiry is therefore limited to the question, Did the court err in striking out the petition? It is urged by plaintiffs in error that the petition to vacate the judgment was properly filed in the original action, and even though it be determined that said petition should have been filed as a separate and independent action, plaintiffs by their participating in the taking of depositions have waived any rights to object, which they might have otherwise had. It will be necessary to consider only the former question. The statute under consideration does not prescribe that the petition shall be filed as a separate and independent action. Neither does it provide that it shall be filed in the original action. Counsel agree on their inability to find any authority under a like statute that is directly in point; and, after a somewhat extended research, we have been unable to find any. The question with us is therefore largely one of first impression. The purpose of the statute is twofold: (1) To vacate judgments; (2) to modify judgments. While section 6094 limits the operation of the statute to judgments or orders of the district court, by section 6102, the provisions of article 21 are extended to the judgments or final orders of all courts of record of the state, so far as applicable. Defendants' petition sought to have vacated a former judgment of the district court on the ground of fraud practiced by the successful party in obtaining the judgment, and on account of unavoidable casualty, which prevented the defendants from being present and defending the action. Upon no other grounds than those heretofore mentioned was the sufficiency of the petition attacked. It was verified by the affidavit of one of the defendants, and purported to state a defense to the original action. Summons was issued and served as required by statute. It was filed within less than three months after judgment. The

object of the petiiton was to vacate and set aside the former judgment of the court, and to secure a new trial. In such cases it is first made the duty of the trial court to try and decide upon the sufficiency of the grounds to vacate or modify the judgment or order, before trying to decide upon the validity of the defense or cause of action. Section 6097, Comp. Laws 1909 (Rev. Laws 1910, sec. 5270). This precludes the submission to a jury of the grounds to vacate or modify, and rests it with the court. *Poff v. Lockridge,* 22 Okla. 462, 98 Pac. 427; *List v. Jockheck,* 45 Kan. 349, 27 Pac. 184; *Watson v. Paine,* 25 Ohio St. 340; *Carpenter v. Brown,* 50 Iowa, 451. When these issues are found in favor of the moving party, the same result attends as when a new trial is granted for causes arising under section 5825, Comp. Laws 1909. Section 5033, Rev. Laws 1910. While a judgment was rendered, and the time for filing a motion for a new trial under the provisions of the last-mentioned section had passed, yet the judgment was not beyond recall, and it is not fatal to a proceeding, otherwise sufficient, that it be filed in the original action, or as a separate and independent action or proceeding. A petition filed within time, and meeting the requirements of the statute, where summons is properly issued and served, after a hearing thereon, if both issues tendered are found favorable to the moving party, reopens the case to all intents and purposes as if no trial had ever been had; and we believe that in such cases the petition should be filed in the same action in which the judgment sought to be vacated was rendered. In a strict sense there is but one action. The new issues, made necessary by the fraud of the successful party, or the unavoidable casualty or misfortune, preventing the moving party from prosecuting or defending the action, are but collateral to the main issues in the original case; and, upon a proper showing being made, it is these very issues that are opened up for trial. The judgment is vacated or modified, as the case may be, and the whole case stands for trial anew. Observing this rule, too, the advantage of but one record is gained. The practice in this state has heretofore been to permit the filing of the petition in either of the ways indicated.

In *Holt v. Holt,* 23 Okla. 639, 102 Pac. 187, in construing sections 4760 and 4762, Wilson's Rev. & Ann. St. 1903, which, in respect to the question here under consideration, are the same as sections 6094 and 6996, Comp. Laws 1909, it was held that, in an action brought, under the former section, in the same court, between the same parties as in the original suit, and given the same title, the fact that the clerk of the court designated the case by a different number than that given the original case would not divest the court of jurisdiction to try and determine it, even though the language of section 4762 was susceptible of the construction that the papers should have been filed with those in the first case. It was said in the opinion, after quoting from sections 4760 and 4762:

"It was under the authority and by virtue of the provisions of these statutes that this action was brought, and counsel for plaintiff in error argues that the following language, contained in the section last referred to: 'A summons shall issue and be served as in the commencement of an action'—justifies the conclusion that, except a second summons was intended to be issued in the same action, this language would not have been used, and that this, taken in connection with a section of the divorce act, to which we shall presently refer, makes it clear that a separate action was not intended. We are not able to agree with counsel on the matter. The language to our minds is as susceptible to one construction as another. It is at least indefinite on either. This language might very reasonably be held to convey the idea that a separate action should be begun by reason of the fact that a summons should be issued, and should be served as in the commencement of an action. It will be noted that the section preceding this (paragraph 4761), which provides for a proceeding to correct mistakes or omissions of the clerk, etc., is brought by motion, and upon reasonable notice to the adverse party or his attorney in the action; and, in the section relating to the vacation or modification of judgments, such as the one under consideration here, it is provided that it shall be by petition, and, contradistinguished from the manner in which the opposing party is notified in the previous section under the one here involved, it provides a summons shall issue. The proceeding by motion is to effect a correction of mistakes, omissions, or irregularities, while the latter action involves a trial of the petition and judgment. The statute certainly is not clear upon the point raised by counsel. It does not specifically say in so many words that the suit shall be

Roberts et al. v. Hope et al.

a separate suit, nor does it say that the petition shall be filed in the original suit. It will be noted that the petition in this case is entitled the same as in the original case, and when it was presented to the clerk of the court for filing, he gave it a separate number, but we can see no way whereby the defendant was prejudiced thereby, or wherein the proceedings would have been other than they were, had the same number been given the new case as the old. The referee found that the proceeding was in the original action."

The provision for vacating the judgment, on account of fraud in its procurement, and where by reason of unavoidable casualty or misfortune the losing party is prevented from being present, should be given a fair and liberal construction, to the end that full opportunity may be afforded for a hearing upon the merits of the controversy; and where, as here, the statute is silent upon a nonessential, and where in all other material respects there has been an observance of the statute, and a full and complete opportunity given those opposing the petition to be heard, we cannot see wherein the plaintiffs' rights have in any wise been prejudiced. It was therefore error not to afford the defendants an opportunity to be heard on their petition.

The case should be reversed and remanded for further proceedings not inconsistent with this opinion.

By the Court: It is so ordered.