### GRAYSON et al. v. STITH.

No. 27411.   Oct. 26, 1937.

Fred W. Martin, for plaintiffs in error.

W. R. Banker, for defendant in error.

HURST, J.   On July 31, 1934, the defendant, J. O. Stith, recovered a default judgment against the plaintiffs, P. E. Grayson and Rosa Grayson, et al., in the district court of Wagoner county, quieting title to an 80-acre tract of land in that county.

Thereafter, on July 31, 1935, P. E. Grayson and Rosa Grayson filed this action in the district court of Wagoner county seeking to vacate said judgment, and they attached to their petition a copy of the journal entry of judgment sought to be vacated, and also a proposed answer. They allege that after they were served with summons in the first case they employed C. E. Castle as their attorney and that thereafter C. E. Castle, with their consent, made an agreement with E. L. Kirby, an attorney at Wagoner, to represent them in said case, and Castle then withdrew as attorney. The plaintiffs then allege, "and that for reasons unknown to these plaintiffs, the said E. L. Kirby abandoned said case and did not protect the rights of said plaintiffs, but, on the contrary, permitted a default judgment to be rendered against them in said action." The plaintiffs then allege that they did not learn of the rendition of said judgment until the latter part of April or the first part of May, 1935, and they further allege that the action of E. L. Kirby in abandoning their case and allowing a default judgment to be rendered against them amounts to an unavoidable casualty and misfortune, preventing them from having a fair trial. They allege that they are members of the Negro race and are inexperienced in legal methods and court procedure, and that they relied upon their attorney to continue to represent them and that they are not guilty of negligence or lack of care in permitting said default judgment to be rendered.

Issues were made and when the case came on for trial the plaintiffs' attorney made an opening statement as follows:

"May it please your Honor, this is an action brought by P. E. Grayson and Rosa Grayson against the defendant, J. O. Stith, to set aside a default judgment which was rendered against them in this court on the 31st day of July, 1934, in the case of J. O. Stith v. P. E. Grayson and others, being No. 8691. The evidence in this case will disclose that the plaintiffs, when served with summons in case No. 8691, employed Mr. C. E. Castle, an attorney of Wagoner, to defend them. I believe that the evidence will further show that Mr. Castle filed a demurrer for them or at least obtained a continuance to plea, at any rate entered a general appearance for them. The evidence will further show that later on Mr. Castle, with the consent of the plaintiffs, withdrew from the case as attorney for the plaintiffs, and turned the case to Mr. E. L. Kirby, an attorney of Wagoner, Okla. The evi-

dence will further show that after Mr. Castle withdrew and Mr. Kirby was employed as attorney, the plaintiffs on several occasions talked to him about the case and he assured them that their rights were being protected. The evidence will further show that thereafter, without cause and without notice to the plaintiffs, the said E. L. Kirby abandoned his employment and did not continue to represent the plaintiffs. The evidence will further show, I believe, that the said E. L. Kirby told the district judge that it did not make any difference to him any more and as far as he was concerned he could enter a judgment. The evidence will further show that these plaintiffs did not learn that a judgment had been rendered against them until many months had passed. Attached to the petition of the plaintiffs' is a copy of the judgment which they seek to have vacated and a copy of the answer they desire permission to file. The evidence will disclose that the tax deed upon which the defendant relies is absolutely void for many reasons as set out in the separate answer, and the plaintiffs have a good defense to the action of the defendant as set out in the answer."

The defendant moved for judgment on the pleadings and opening statement and the court sustained said motion, and in so doing used the following language:

"Yes, Mr. Martin, I think the motion is well taken. If the plaintiffs in this case employed attorneys to represent them, and the attorneys were negligent, then that negligence would be imputed to the plaintiffs. I don't think that the plaintiffs are entitled to judgment vacating that previous judgment under your own statement. The court sustains the motion of the defendant to dismiss the petition of the plaintiffs' without prejudice."

From that judgment this appeal was taken.

1. It is urged by the defendant that the judgment of the trial court is correct for the reason that proceedings to vacate judgment, after the term, on the ground of unavoidable casualty and misfortune, cannot be by a separate action, but must be instituted in the case where the judgment sought to be vacated was rendered.

This proceeding was instituted under the seventh subdivision of section 556, O. S. 1931, which provides as follows:

"The district court shall have power to vacate or modify its own judgments or orders at or after the term at which such judgment or order was made: * * *

"7th. For unavoidable casualty or misfortune, preventing the party from prosecuting or defending."

The precedure for vacating judgment under said subdivision is prescribed by section 558, O. S. 1931, as follows:

"The proceedings to vacate or modify the judgment or order, on the grounds mentioned in subdivisions four, five, six, seven, eight and nine, of the second preceding section, shall be by petition, verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify it, and the defense to the action if the party applying was defendant. On such petition, a summons shall issue and be served as in the commencement of an action."

In the case of Holt v. Holt (1909) 23 Okla. 639, 102 P. 187, this court held that proceedings under said sections could be by a separate action. In Van Noy v. Jackson (1918) 68 Okla. 44, 171 P. 462, and in Featherstone v. Southwestern Lumber Co. (1926) 116 Okla. 86, 243 P. 240, proceedings to vacate judgments under said sections were by separate actions, and while judgments in those cases were reversed on other grounds, it was not questioned that such proceedings could be by separate action.

In Roberts v. Hope (1913) 39 Okla. 173, 134 P. 434, this court held that proceedings under said sections could be instituted in the same action in which the judgment sought to be vacated was rendered, and this procedure has been followed in several cases.

The defendant's contention that this action is in equity and cannot be maintained because of the statutory procedure outlined is without merit. The action was filed under said sections of the statute and the petition complies with section 558. Following the above authorities, we hold that proceedings under said sections may be instituted in the action in which the judgment is rendered or by a separate action. Regardless of which way it is instituted, it is in the nature of an independent action. Smith v. Smith (1924) 102 Okla. 70, 226 P. 368; Fidelity Building & Loan Ass'n v. Newell (1936) 176 Okla. 184, 55 (2d) 131.

2. It is also urged by the defendant that the petition and opening statement of counsel for the plaintiffs are insufficient to entitle the plaintiffs to any relief, because they show that the plaintiffs themselves were negligent in not diligently looking after their case, and that their attorney was guilty of negligence in not protecting their interests. From what was said by the trial court in sustaining the motion, we take it that he was of the opinion that the petition and opening statement showed that the attorney for the plaintiffs was negligent, and that his negligence does not constitute unavoidable casualty and misfortune under the statute.

This court has repeatedly held that the negligence of an attorney while representing the client is imputable to the client and constitutes the negligence of the client, and does not constitute unavoidale casualty and misfortune justifying the vacation of a judgment under said section 556. Board of Commissioners of Oklahoma County v. Barber Asphalt Paving Co. (1921) 83 Okla. 54, 200 P. 990; Vincent v. Kelly (1926) 121 Okla. 302, 249 P. 942; Thomas v. Monroe (1937) 179 Okla. 416, 65 P. (2d) 1008.

The plaintiffs, however, insist that their petition and opening statement do not show that their attorney was negligent, but that the attorney abandoned their case without notifying them, and they rely upon McLaughlin v. Nettleton (1915) 47 Okla. 407, 148 P. 987 (1918) 69 Okla. 74, 183 P. 416; Simmons v. Harris (1924) 108 Okla. 189, 235 P. 508; Bearman v. Bracken (1925) 112 Okla. 237, 240 P. 713.

These authorities make a distinction between the negligence of an attorney while still acting for his client and the act of an attorney in withdrawing as attorney or abandoning the case without notice to the client. Following the authorities relied on by the plaintiffs, we think the court committed error in sustaining judgment on the pleadings and opening statement. They do not affirmatively show the negligence of the plaintiffs, but rather, show the plaintiffs are illiterate colored people who had a right to rely upon their attorney to keep them advised as to the progress of the case.

The defendant does not challenge the sufficiency of the proposed answer attached to the petition in this case.

The judgment is reversed, with directions to the trial court to proceed with the trial on the petition to vacate, and in accordance with the views herein expressed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH and CORN, JJ., concur.