See, also, 127 F.Supp. 730.

**Lauren M. LUCAS, Plaintiff,**

v.

**CITY OF JUNEAU, a municipal corporation; and Sears, Roebuck and Company, a foreign corporation, Defendants.**

**No. A-7174.**

District Court, Alaska
First Division, Juneau.
April 3, 1957.

4. 2 Moore's Fed.Prac., para. 26.25[6], p.1176.

Mildred R. Hermann, Juneau, Alaska, for plaintiff.

H. D. Stabler, Juneau, Alaska, for defendant City of Juneau.

R. E. Robertson (of Robertson, Monagle & Eastaugh), Alaska, for defendant Sears, Roebuck & Co.

KELLY, District Judge.

This case is before the court on a motion by the plaintiff filed January 30, 1957, wherein he seeks reinstatement of a suit dismissed by Judge Hodge on October 22, 1955, for lack of prosecution. The merits of the action are immaterial in this proceeding, and therefore only the circumstances surrounding and following the dismissal need be considered.

The essential facts may be stated as follows:

(1) At the time this case was set for trial plaintiff was under the care of doctors at the Veterans' Administration Hospital at Fort Miley, San Francisco, California, and his affidavit to this effect dated October 12, 1955, was filed in this court on *October 15, 1955*.

(2) Plaintiff's counsel had moved from Juneau and when informed that the court had set the matter for trial, moved for a continuance and the court notified counsel that if verified proof of plaintiff's hospitalization was presented before October 17, the continuance requested would be granted. The affidavit referred to in (1) did not satisfy the court as it was not supported by affidavit of plaintiff's physician. Nowhere does it appear that such an affidavit was made a condition precedent to. granting a continuance. Thereupon the Clerk of Court advised counsel that the continuance had been denied and the case would go to trial on October 21. Counsel for plaintiff attempted to have the case dismissed without prejudice and sent the necessary request and order to the court; however, the same did not arrive until after the judge had dismissed the case when neither plaintiff nor counsel appeared on Saturday, October 22.

(3) On February 24, 1956, plaintiff wrote a letter to Judge Hodge and the following reply was sent to him by the Clerk of the District Court February 28, 1956:

"Your letter of February 24, 1956, addressed to the Hon. Walter H. Hodge, District Judge, regarding the above-captioned case has been brought to my attention inasmuch as Judge Hodge has left Juneau and returned to his own court at Nome.

"At this writing, it is doubtful that Judge Hodge is to return to this division to hold court; therefore I feel that it would not be proper to submit your letter to him for decision, inasmuch as counsel on the opposite side have every right to be present when such a matter is submitted for decision.

"Therefore by virtue of Chap. 5, Title 28, Sec. 143, U.S.C.A., about all that can be done in the premise is to continue the matter over until such time (as) a district judge is appointed, or someone is designated to hold court here. This Section reads:

" 'Vacant judgeship as affecting proceedings

" 'When the office of a district judge becomes vacant, all pending process, pleadings and proceedings shall, when necessary, be continued by the clerk until a judge is

appointed or designated to hold such court. June 25, 1948, c. 646, 62 Stat. 898.'

"Sincerely yours,
J. W. Leivers
Clerk of District Court"

(4) On August 2, 1956, a further letter was sent to Mr. Lucas by the Clerk of Court, as follows:

"If you have a copy of your letter of February 24, 1956, particularly with reference to the last paragraph thereof, and, inasmuch as you have on occasions, discussed with me the matter of the dismissal of your case, the following occurs to me.

"Inasmuch as we now have a U. S. District Judge for this court, the Honorable Raymond J. Kelly, it may be that the said last paragraph of your letter could be considered as a motion to reinstate your case, providing that you make the showing required by Judge Hodge, namely, that at the time you were required to appear to prosecute your case, you were under medical treatment and as a result you could not appear.

"Your affidavit to this effect is on file, but the showing you will be required to make will have to be in the form of a certificate from the physician who was attending you, that you were under his care and required to be present for treatment at the time your case was set for trial."

Upon learning these facts this Court set this matter for hearing on its own motion and counsel for plaintiff was instructed by the Court to file a formal motion to replace the last paragraph of plaintiff's letter of February 24, 1956.

■■■ The defendant Sears, Roebuck and Company raises the defense that the motion of January 30, 1957, was deficient in that it did not conform with certain Uniform Rules of the District Court. However, those defects were remedied by plaintiff's "Brief Supporting Argument for Reinstatement of Case," which was filed February 25, 1957, and following which both defendants were given an opportunity to reply. Therefore the Court finds that in this case the rules of procedure were essentially complied with.

The plaintiff relies on Rule 60(b), F.R.Civ.P., 28 U.S.C.A. and more particularly on subsection (6). Rule 60(b) provides:

"(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified

as provided in Title 28, U.S.C. § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."

■ Defendant City of Juneau points out that subsection (6) provides for relief only from "judgments," and claims that (6) should therefore have a narrower application than the first three subsections, which, under the construction proposed, are presumably applicable to "a final judgment, order or proceeding." The rule does not seem to me to warrant such a strict construction, but in any case, the facts shown here clearly indicate that the order of dismissal operates as a final judgment within the most stringent meaning of the rule. Rule 41(b), F.R.C.P., under which the order of dismissal was entered, provides:

"Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, *operates as an adjudication upon the merits*." (Emphasis supplied.)

■ In Klapprott v. United States, 1948, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266, the Supreme Court laid down the rules of construction to be applied to 60(b). It was held that subsections (1) and (6) were mutually exclusive—that is, if the circumstances alleged in a motion constituted excusable neglect as set forth in subsection (1), the motion was restricted to that subsection, and relief could not be granted under subsection (6). Therefore, if the plaintiff can show no more than excusable neglect, the one-year time limitation will preclude the reinstatement of his action, but if the cir-

cumstances constitute more than excusable neglect, relief from the dismissal may be granted provided the motion was made within a "reasonable time."

An examination of the Klapprott case shows that plaintiff, a German-born, naturalized citizen, was served with notice of de-naturalization proceedings on May 15, 1942, to which he was required to answer within 60 days. The notice did not specify the charges, but stated that since 1935 he had displayed his loyalty to Germany and disloyalty to this country; that he was leader and member of the German-American Bund and other organizations inimical to the Constitution; and that these organizations were propagated and encouraged by enemies of the United States.

Seven days before the expiration of the time for reply in the de-naturalization proceedings, plaintiff was arrested by Federal agents on a charge of conspiracy to violate the Selective Service Act. He was convicted on this charge, but the conviction was subsequently reversed in 1945. On July 17, 1942, during the time of his incarceration, his citizenship was cancelled by default, and approximately 4 years later a motion was filed under Rule 60(b) to set aside the order of de-naturalization. Prior to the time of his arrest and thereafter, petitioner was ill and unable to work, and not represented by counsel. Altogether he was held in jail four and a half years on charges which the government was not able to sustain.

The court held that 60(b)(6) was available to plaintiff because he showed circumstances which could not logically be classified as "neglect." In the words of the court [335 U.S. 601, 69 S. Ct. 390],

"The basis of his petition was not that he had neglected to act in his own defense, but that in jail as he was, weakened from illness, without a lawyer in the denaturalization proceedings or funds to hire one, disturbed and fully occupied in efforts

to protect himself against the gravest criminal charges, he was no more able to defend himself in the New Jersey court than he would have been had he never received notice of the charges."

The plaintiff in the present case labored under handicaps at the time his suit was dismissed which were similar to those found in the Klapprott case. He was required to remain in California for treatment of the injury, making the court equally inaccessible to him; he was represented by an attorney only in the formal sense of having an attorney of record; and as far as is revealed by the record, he never received notice of the dismissal until after the time for appeal had run.

His attorney or attorneys had left Juneau; they did not appear in the matter on the date set for trial; they did send in a request and proposed order to have the case dismissed without prejudice, but it did not arrive until after the order for dismissal had been entered by the Judge. The very fact that the attorneys sent in the proposal to have the case dismissed without prejudice indicates that they were abandoning the matter and took this action without consultation with their client or without advising him thereof.

The action of an attorney in abandoning the case of a client still under the care of the doctors in the Veterans' Administration Hospital in California, where he had just previously been a patient, without notice to the client, and in permitting the order dismissing the case to be entered as it was without his knowledge or consent, constitutes an exception to the rule that the conduct of the attorney is imputable to the client justifying the vacation of the order of dismissal and placing the cause on the calendar for trial. Grayson v. Stith, 181 Okl. 131, 72 P.2d 820, 114 A.L.R. 276.

The client here acted in good faith and had a right to rely on his attorneys to do all things required of him for the purpose of obtaining a hearing on the merits. It cannot be said that the client was negligent, as he had no reason to anticipate the failure of his attorneys to attend to the matter. The conduct of the attorney was not such negligence as could be imputed to the client, but on the contrary was an abandonment of the client, who was in no position, even had he known, to act for himself. Clarke v. Smith, 1923, 195 Iowa 1299, 192 N.W. 136.

In view of all the circumstances, the motion to vacate the judgment was not delayed for an unreasonably long period of time. The Court is convinced that the law authorizes, and justice demands that the order of dismissal be set aside and this case set for hearing on its merits.

Order in accordance with this opinion may be presented.