**78**

**Dora DE BONAVENA et al., Plaintiffs,**

v.

**Joseph CONFORTE et al., Defendants.**

**No. CIV–R–77–81–ECR.**

United States District Court,
D. Nevada.

Sept. 29, 1980.

Echeverria & Osborne, Chartered, Reno, Nev., for plaintiffs.

Jerome M. Polaha and John L. Conner, Reno, Nev., for defendant, Brymer.

Erickson, Thorpe, Swainston & Cobb, Ltd., and Stanley H. Brown, Reno, Nev., for defendants, Conforte.

ORDER

REED, District Judge.

This case involves a suit against the Confortes and Willard Brymer for the wrongful death of Oscar Bonavena and is brought by his heirs. The Confortes and Brymer are represented by separate counsel. This order will deal mainly with that portion of the lawsuit brought against the Confortes.

The complaint in this case was filed on May 18, 1977. The Confortes filed an answer on June 28, 1977. On February 28, 1979, the Confortes sought answers to interrogatories and production of documents. On July 30, 1979, the requested answers and documents being overdue, the Confortes filed a motion to compel discovery. On August 29, 1979, pursuant to the motion, an order was entered giving the plaintiffs fifteen days to respond to the discovery motions. The plaintiffs did not respond to the order, and consequently on September 25, 1979, the Confortes' filed a motion to dismiss the complaint. This motion was granted and on February 4, 1980, an order dismissing the complaint was entered. On April 8, 1980, the plaintiffs responded with a motion to set aside the order of dismissal pursuant to F.R.Civ.P. 60(b)(1) and 60(b)(6).

The grounds for the motion to set aside are based on the following facts and occurrences.

At the time of Oscar Bonavena's death, the plaintiffs apparently resided and still do reside in Argentina. They speak only Spanish. Oscar Bonavena's brother came to San Francisco shortly after the death to investigate the incident. He contacted the Argentine consulate, which in turn contacted its counsel, Mr. Haet, to take on the job of representing the heirs of Oscar Bonavena and to take whatever actions were neces-

sary to protect their interests. Mr. Haet's legal practice was primarily in the areas of consular and international law, not in the areas of personal injury and trial litigation. He consequently referred the case to a Mr. Schuler in San Francisco who had expertise in these areas. Mr. Haet had previously referred such cases to Mr. Schuler and he had handled such cases skillfully and completely. It was their practice for Mr. Schuler to take complete responsibility for and have full responsibility for pressing these cases. Mr. Haet's role was limited to providing interpretation services if the need arose. In this case, Mr. Schuler informed Mr. Haet that he had lined up his own interpreter. In addition, during this period of time Mr. Haet's eyesight was failing to the point that in 1979 he was declared legally blind. This caused him to depend totally on Mr. Schuler to represent the plaintiffs. Mr. Haet states that he had no contact with the defense lawyers in this case, that he prepared no pleadings, and made no personal appearances in any of the proceedings. He states that he did not receive a copy of the interrogatories, of the motion to produce documents, or the order compelling discovery; that Mr. Schuler represented to him that the case was in order and that there were no problems with it. Mr. Haet states that the first he became aware of problems in the case was when he received a copy of the order dismissing the case. Since that time he has contacted Mr. Schuler who has been uncooperative and unresponsive. Mr. Haet subsequently referred the case to new counsel. Responses to the interrogatories and available documents have been produced and are presently on file.

The defendants in this case take issue with whether Mr. Haet had notice of problems connected with the case. They state that court clerks' records indicate a copy of the order compelling discovery was sent to Mr. Haet. They state also that at the time depositions were taken Mr. Haet's son, Donald Haet, also an attorney, and allegedly a member of the same law firm as his father, was informed that there were problems with discovery matters.

These factual matters would best be determined at an open hearing, but in view of the Court's analysis of the case, we do not reach the necessity of holding such hearing.

In any event, assuming for the moment that Mr. Haet was in fact unaware of problems connected with the case, it is this Court's view that the motion to set aside must be denied.

Rule 60(b) of the Federal Rules of Civil Procedure provides in part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons (1) mistake, inadvertence or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken ..."

It is this Court's view that while Mr. Haet's neglect may be excusable, that the proper focus of attention is on Mr. Schuler's conduct. It is Mr. Schuler's failure to respond to the orders of this Court and the requests of opposing counsel that resulted in the dismissal of the case as it applied to the Confortes. Mr. Haet's position and that of the local counsel presently handling this case is similar to the situation where a client fires his former counsel and hires new counsel who must then allege sufficient grounds to set aside an order under Rule 60(b). In such situation the new counsel's conduct may be entirely blameless. However, his responsibility is to point out some grounds why the conduct which is on the record and which led to the Order should be disregarded, or to explain such conduct, so as to provide a basis under Rule 60(b) to set aside the Order.

This case is similar in this respect to *United States v. Cirami*, 535 F.2d 736 (2nd Cir. 1976). In *Cirami* a partial summary judgment had been granted the government due to the lack of any response to the motion for summary judgment on the part

of the defendants. The client thereafter retained new counsel who filed a 60(b)(6) motion to vacate the judgment. This motion was accompanied by the affidavit of the client which stated that he was unaware of the judgment granted the government until his newly retained attorney had obtained the file. The court in *Cirami* focused on the conduct of the client's former counsel, stating:

"We have been provided with no affidavit of Newman [the former counsel] which would cast any light on the circumstances of his failure to contest the government's motion for partial summary judgment. Neither have we received any affidavits from present counsel of appellants which would indicate what efforts, if any, have been made to elicit Newman's testimony, either voluntarily or under subpoena. We have only been told on oral argument that Newman is not speaking to his former clients. . . . On the record before us we are totally uninformed of the reasons for the failure of the appellant's former counsel to contest the motion for summary judgment or whether the failure was deliberate or inadvertent." *Cirami* at 739.

On this basis the *Cirami* court held that no showing of exceptional circumstances for Rule 60(b)(6) relief had been made.

In this case the only information we have regarding Mr. Schuler's actions are a statement in Mr. Haet's affidavit at page 4 that since the time of the order of dismissal Mr. Haet has had several conversations with Mr. Schuler regarding this case but that he has been "unresponsive and uncooperative." This Court also has before it the affidavit of Sandra Musser, Mr. Schuler's former law partner. Ms. Musser indicates only that subsequent to the time of the order of dismissal Mr. Schuler remained uncooperative in preparing responses to the interrogatories and in producing documents of Mr. Brymer, as well as in filing the motion to vacate. This Court consequently has no information as to the reasons for Mr. Schuler's conduct, whether it can be excused or justified or whether plaintiffs should be relieved of responsibility for his actions.

In the subsequent case of *United States v. Cirami*, 563 F.2d 26 (2nd Cir. 1977), the defendants had cured the defect in the prior *Cirami* case. They submitted affidavits indicating that former counsel had suffered from a mental disorder at the time the default judgment was granted and that their own conduct was reasonable. In light of this information the court reversed an order denying the 60(b)(6) motion.

In this case it appears that plaintiffs and their present counsel's actions may have been reasonable. However, the Court has no information as to the conduct of Mr. Schuler. In the absence of such information the motion to set aside the order dismissing this case must be denied.

IT IS, THEREFORE, ORDERED that the motion to set aside the order dismissing the case as against the Confortes is DENIED.