**Dora DeBONAVENA, Adriana Nancy Bonavena, a minor, and Natalio Oscar Bonavena, a minor through their Guardian ad litem, Donald Haet and Dominga Grillo, Plaintiffs,**

v.

**Joseph CONFORTE, Sally Conforte, individually and doing business as The Mustang Ranch, Mustang Ranch a corporation, Willard Brymer, Defendants.**

No. CIV–R–77–81–ECR.

United States District Court, D. Nevada.

Jan. 28, 1981.

Wong & Haet by Donald M. Haet, San Francisco, Cal., Echeverria & Osborne, Chartered, Reno, Nev., and Sandra G. Musser, San Francisco, Cal., for plaintiffs.

Erickson, Thorpe & Swainston, Ltd. by Roger L. Erickson, and Stanley H. Brown, Reno, Nev., for Joseph and Sally Conforte.

Jerome M. Polaha, Reno, Nev., for defendant Brymer.

Oscar B. Goodman, Goodman, Oshins, Brown & Singer, Las Vegas, Nev., for Sally Conforte.

## ORDER

EDWARD C. REED, Jr., District Judge.

Plaintiffs have moved the Court to reconsider its order dated September 26, 1980, denying a prior motion by plaintiffs to set aside an order entered by the Court on February 4, 1980, dismissing the action.

A hearing on plaintiffs' motion was held on October 27, 1980. Significantly, at the time of that hearing the Court received the affidavit of William S. Schuler, who had been attorney for the plaintiffs during the period when plaintiffs failed to respond to interrogatories and a request for production of documents by defendants. It was the failure of plaintiffs to respond to such discovery which resulted in dismissal of the case. Mr. Schuler's affidavit states that he was "depressed" and suffered a "depression" or "paralysis of mind", during a portion of the crucial period of time when discovery was due. Mr. Schuler goes on to claim that these conditions of mind caused him to put off or delay performance of difficult or complex tasks, such as that required of plaintiffs' counsel in this case.

The order of September 26, 1980, 88 F.R.D. 78, was essentially decided on the basis of the two *Cirami* cases. *United States v. Cirami*, 535 F.2d 736 (2d Cir. 1976); *United States v. Cirami*, 563 F.2d 26 (2d Cir. 1977). In the first *Cirami* case no evidence had been provided to the Court to cast light on the circumstances of the attorney's failure (which resulted in dismissal of the action) to file required documents. The only information available to the first *Cirami* Court was that no information could be obtained from the attorney. At the time the second *Cirami* case was heard, evidence was presented showing that the subject attorney had suffered a mental disorder at the time the prior default judgment was

granted. Based upon the reasonable conduct of the plaintiff, as an individual, and the conduct of his subsequent counsel, which was also reasonable, the court set aside the existing default judgment under Rule 60(b)(6). *Id.*

In the case at bar, as in *Cirami*, it appears that plaintiffs are blameless, as individuals, and are in no way responsible for the failure of their attorney to take the action which was defaulted. Further, no fault can be assessed to plaintiffs' present counsel, who have, since coming on the scene, tried diligently to remedy Mr. Schuler's failures.

The fact that the plaintiffs do not speak English and reside many thousands of miles away from the United States are matters to be considered. *Transport Pool Div. of Container Leasing, Inc. v. Joe Jones Trucking Co.*, 319 F.Supp. 1308 (N.D.Ga.1970); *King v. Mordowanec*, 46 F.R.D. 474 (D.C.R.I. 1969); *Lucas v. City of Juneau*, 20 F.R.D. 407 (D.C.Alaska 1957).

The motion for reconsideration is urged under Rule 60(b)(6), "any other reason justifying relief from the operation of the judgment." Some cases indicate that a court should lean toward granting rather than denying relief, especially as no intervening rights have attached in reliance upon the judgment and no injustice will ensue. On the other hand, other courts counsel caution and say that a judgment should be set aside only in exceptional circumstances. Rule 60(b)(6) addresses itself to the discretion of the court and a motion under that rule should be granted if justice requires or denied if the court feels otherwise.

In this case there is no substantial showing that any intervening rights of· the defendants would be affected by an order reconsidering and reversing the previous order of the Court, or that there has been some intervening factual occurrence that would make it unjust to reverse the order of dismissal. True, the defendants have had to suffer this case hanging over their heads for a longer time than seems fair in the circumstances. But aside from that there is little factually to indicate that the previous decision should not be reconsid-

ered. It should be noted that on January 2, 1980, in affirming the jeopardy tax assessment against Defendant Joe Conforte, this Court discounted the effect of the pendency of the within case on the validity of the assessment.

The Court here must weigh the desirability that cases be heard at trial, rather than dismissed on technical grounds, as against the necessity that the rules of the court be complied with and that litigation not be conducted in an oppressive or negligent fashion. The orders made herein are made with considerable reluctance by this Court, because it is clear that Mr. Schuler failed to comply with the applicable rules and conducted the litigation in a way that was unfair to defendants. Still, if we look to the pure question of justice, it seems to necessitate that the previous order of the Court be reconsidered. While plaintiffs are bound by the actions of their attorneys, we must not overlook the desirability that litigants have their day in court. Each case like this must be viewed on its own facts and the decision here is not precedent of any sort for like action in other cases.

Next we turn to the problem of counsel's negligence. The case at bar goes somewhat beyond *L. P. Steuart, Inc., v. Matthews*, 329 F.2d 234 (D.C.Cir.1964); *In re Cremidas' Estate*, 14 F.R.D. 15 (D.C.Alaska 1953). In *Steuart* the personal problems of counsel caused him to grossly neglect a case and relief was granted. The present case involves not only gross negligence, but goes somewhat beyond that into, or at least close to, the problem of mental disorder found in *Cirami*. It is doubtful that in most cases relief should be given to grossly negligent counsel or to attorneys who are "down in the dumps" because of personal problems.

Possibly the issue posed to the Court is whether Mr. Schuler's claimed "depression" or "paralysis of mind" is the equivalent of the mental disorder suffered by counsel in *Cirami*.

This Court views the legal propositions set forth in the *Cirami* cases as not necessarily limiting relief to those cases where there is mental illness. It seems that the

philosophical basis of *Cirami* is somewhat broader. The essential question in the view of this Court is whether counsel's inaction was due to something more than negligence or neglect. In this case it is a close question because it is quite easy to assert "depression" and "paralysis of mind" wherever an attorney has negligently failed to look after his clients' interests. There is here, however, some corroboration for the proposition that Mr. Schuler's condition involved at least borderline mental problems. Mr. Schuler's difficulties indicate he was more than the typically overworked lawyer or the lawyer who has (as many no doubt do) difficult out of the office personal problems such as taxes and matrimonial difficulties.

It is a close question as to whether relief should be granted to plaintiffs. A close question in a case like this ought to be resolved in favor of plaintiffs.

IT IS, THEREFORE, HEREBY ORDERED that the orders of this Court dated February 4, 1980, and September 26, 1980, are vacated. Plaintiffs shall have 15 days after service of this order in which to respond to the interrogatories and requests for production served upon defendants on February 28, 1979. The Clerk of the Court shall promptly set a deadline for a new discovery period in this case and the matter shall be processed hereafter in accordance with the usual practices of this Court. Should it appear that plaintiffs' counsel in the future have been negligent, obviously such negligence will have to be viewed very strictly in light of what has occurred thus far in this case.