**Karl K. AGHASSI, Plaintiff,**

**v.**

**HOLDEN & COMPANY, INC., et al., Defendants.**

**Civ. A. No. 78–1265–C.**

United States District Court,
D. Massachusetts.

Nov. 12, 1981.

Edward F. Myers, Samual J. Armstrong, Susan S. Dunn, Warner & Stackpole, Boston, Mass., for plaintiff.

Harvey M. Forman, Forman, Cohen & Forman, Boston, Mass., for defendants.

## MEMORANDUM

CAFFREY, Chief Judge.

This civil action came before the Court on plaintiff Karl Aghassi's motion to vacate judgment. The motion was filed pursuant to Fed.R.Civ.P. 60(b)(6). This Court entered a judgment of non-suit and dismissal on February 26, 1981,[1] for failure of plaintiff to appear at the call of the assignment for trial list on February 23, 1981. The question now before the Court is whether Aghassi, in light of all the circumstances in the case, has shown extraordinary circumstances sufficient to justify relief from judgment.

## FACTS

Plaintiff initiated this suit against defendant Holden & Co. in June of 1978. Trial was set for September 23, 1980. A pretrial conference was held on that date. Pursuant to a supplemental pretrial order entered September 25, 1980, plaintiff filed an amended complaint in order to set forth a more definite statement of the facts upon which he sought relief, and both parties filed trial briefs. All of this was accom-

---

1. An appeal from the order of dismissal is now pending in the United States Court of Appeals, First Circuit, appeal number 81–1196.

plished on or before November 24, 1980. A new trial date was set for February 23, 1981. On February 19, plaintiff, by his attorney Edward F. Myers, filed a motion for a continuance. This Court denied the continuance on February 20, 1981. At the call of the assignment for trial list on February 23, plaintiff failed to appear. An Order of Dismissal was entered on February 26, 1981.

Attorney Myers resigned as plaintiff's counsel immediately after the case was dismissed. Soon afterwards, on March 25, Aghassi acting *pro se* filed a notice of appeal from the Order. Plaintiff has since retained new counsel, and now claims, contrary to statements made by Mr. Myers in plaintiff's motion for continuance,[2] that plaintiff was unaware of the February 23 trial date prior to February 17 and was not told that he had to appear in Court on February 23. Plaintiff also claims that he was at the time suffering from emotional disorders which prevented him from participating at trial, although in his letter to counsel requesting continuance he mentioned only that he was suffering from throat problems.[3] Meanwhile, Holden & Co., Inc. has ceased doing business and its employees have disbanded.

## MOTION TO VACATE

### A. *Grounds in Support of Motion*

Plaintiff claims that his emotional disorder is a special circumstance that justifies relief from judgment pursuant to Fed.R. Civ.P. 60(b)(6). Specifically, plaintiff alleges that he was not told that he was required to appear in person at the courthouse on February 23, had been suffering from headaches and stomach problems, had just been divorced, and was psychologically unable to participate meaningfully at trial.

2. The motion for continuance set forth as reasons therefore the following:

"On Tuesday afternoon, February 17, counsel called plaintiff on telephone to arrange for final briefing and preparation for trial on February 23. Plaintiff informed counsel he was leaving that night for New York for a week to see a specialist in medicine. Counsel advised plaintiff that trial was set for February 23 as previously advised two weeks

Plaintiff's allegations of emotional distress are corroborated by his primary care physician's affidavit that when the physician treated the plaintiff for esophagitus plaintiff was "in a depressed state," and in the physician's opinion unable to "participate meaningfully" at trial. The physician recommended that plaintiff consult a psychiatrist. The record does not show that plaintiff ever saw a psychiatrist or ever was diagnosed as having a clinical psychiatric condition. The record contains nothing to show that plaintiff's doctor was qualified to express a reliable opinion that plaintiff was "in a depressed state" or that he was unable to "participate meaningfully" at a trial. The question before the Court is whether on this record plaintiff has made a showing of extraordinary circumstances sufficient to justify the Court granting relief from judgment.

### B. *"Extraordinary Circumstances" Required*

Plaintiff relies on clause (6) of Rule 60(b) which permits the Court to do justice in a particular case when relief is not warranted by the more specific preceding clauses. *See 7 Moore's Federal Practice*, Par. 60.27 at 375 (2d ed. rev. 1975). In a proper case, the clause is to be "liberally applied." *Id.* at 352. It is well established, however, that a "proper case" for Rule 60(b)(6) relief is only one of "extraordinary circumstances," *Ackermann v. United States*, 340 U.S. 193, 199, 71 S.Ct. 209, 212, 95 L.Ed. 207 (1950), or "extreme hardship," *United States v. Karahalias*, 205 F.2d 331, 333 (2d Cir. 1953). Whether a case is such a "proper case" must be determined based upon a balancing of the equities, *Brooks v. Walker*, 82 F.R.D. 95 (D.Mass.1979).

before and plaintiff should submit letter. Letter received by counsel is attached."

3. The letter from Mr. Aghassi to his counsel states:

"Will you please get a postponement of my case vs. Holden & Co., I have esophagitus and it is acting up and since an ulceration, it will take a couple of weeks to get it under control."

Cases presenting extraordinary circumstances justifying relief under the Rule have sometimes involved the "constructive disappearance" of a litigant's attorney where the counsel's inaction was due to mental problems. *See, e. g., DeBonavena v. Conforte,* 88 F.R.D. 710 (D.C.Nev.1981) (clinical depression of plaintiff's attorney); *United States v. Cirami,* 563 F.2d 26 (2d Cir. 1977) (attorney's mental disorder caused him to neglect his duties while assuring his clients that he was attending to them). While these cases do recognize the impact of the attorney's mental disorders on the progress of litigation as a ground for relief under the Rule, plaintiff's claim that his mental state constitutes such ground for relief is a novel one.

## CONCLUSIONS

■ While in a proper case a litigant's claim of severe emotional distress might constitute appropriate grounds for relief, if established, I find that on the record of this case, plaintiff has not made a showing of extraordinary circumstances. First, I find that plaintiff knew of the trial date at least one, if not two, weeks in advance. Second, considering plaintiff's educational background and the fact that he was familiar enough with judicial process to file a *pro se* appeal shortly after this suit was dismissed, I find that plaintiff either knew or should have known that if the continuance was denied he would have to appear or be non-suited. Plaintiff has not alleged much less proven, that his mental state prevented him from physically appearing in court, or that his mental distress was so severe as to cause him to fail to appreciate the consequences of his own conduct. The consequences of neglectfulness on the plaintiff's part will not ordinarily constitute the kind of extreme hardship contemplated by Rule 60(b)(6), especially here where there is no showing that plaintiff was less than adequately represented by counsel.

■ Third, balancing the equities in this case requires a consideration of the effects of delay on a trial of this matter at this time and the possible prejudice to the de-fendant from such delay. Plaintiff's motion to vacate comes nearly five months after the Order of Dismissal was entered and more than three years after the underlying suit was initiated. The case involves transactions occurring four years ago. The defendant Holden & Co. is now defunct, and its employees have scattered. Defendant states that certain documents and witnesses are now unavailable to them. One prospective witness is presently a resident of Florida and another of Utah. Therefore, I find that reopening the case would unfairly impose heavy burdens on the defendant.

Given the plaintiff's weak showing of alleged special circumstances under a novel theory and the very heavy burden reopening this case would place on the defendant, I am persuaded to exercise my discretion in favor of allowing the Order of Dismissal to stand. Accordingly, an order will enter denying plaintiff's motion to vacate judgment.