ROGERS et al. v. SHEPPARD et al.

No. 32537. April 13, 1948.

*192 P. 2d 643.*

HURST, C.J. This is an appeal from an order denying the petition of the trustees of Pan Mutual Royalties, an express trust, to vacate a default judgment rendered against the trustees in a suit to quiet title to land in Garvin county.

The suit was commenced by plaintiffs D. A. Sheppard and Mary Ann Sheppard. The trust owned a mineral interest in the land. The plaintiffs claimed title under a tax deed executed and delivered pursuant to the 1940 tax resale. The quiet title suit was commenced on October 5, 1944. The trustees, by their attorney, C. O. Lucas, who was also a trustee, filed a timely motion to quash the service of summons, which motion was overruled on December 4, 1944, and they were given fifteen (15) days within which to answer. The judgment was rendered January 15, 1945. The petition to vacate the judgment was filed June 30, 1945, and was denied on September 15, 1945.

In the verified petition to vacate, the trustees alleged that the judgment was obtained by reason of unavoidable casualty or misfortune preventing them from defending; that their attorney, C. O. Lucas, was, on December 12, 1944, admitted to the hospital suffering from a heart attack, where he remained until December 29th; that on January 6, 1945, his disability increased, and he was in a critical condition for the next three days; that from the time of the first attack he was allowed no visitors, other than his secretary and the members of his family, and he was unable to attend to his legal business; that the other trustees did not know of his serious condition until after the judgment was rendered, when they employed other counsel; and that they relied upon Lucas to take care of the defense to the action. To the petition was attached a proposed answer and a cross-petition seeking cancellation of the tax deed under which plaintiffs claim title. The answer was in the form of a general denial. In the cross-petition it was alleged that the deed was void for six

Bulla, May & Bynum, of Oklahoma City, C. H. Bowie, of Pauls Valley, and Chas. L. Orr, of Oklahoma City, for plaintiffs in error.

Haskell Paul, of Pauls Valley, for defendants in error.

different reasons, one being that the resale "was not held as provided by law", and they pleaded a tender of the taxes, etc., due. To the petition to vacate there was also attached an affidavit of the attending physician stating that the condition of Lucas was as alleged in the petition.

The petition to vacate was tried on a stipulation dictated in open court, in which it was agreed that the facts as to the illness of Lucas and the other allegations of the cross-petition were either admitted or not denied. It was further agreed that the property sold at the 1940 resale for the taxes for 1937 to 1939, both inclusive. The plaintiffs were permitted to answer instanter by a general denial and the plea of limitations.

The appellants argue that the trial court committed an abuse of discretion in denying the petition to vacate. They rely upon our authorities holding that it is the policy of the law to have every litigated case tried on its merits and to look with disfavor upon default judgments (citing among other cases, State v. Muskogee Iron Works, 187 Okla. 419, 103 P. 2d 101;) that where, as here, a motion or petition to vacate a judgment is filed during the term of court at which it is rendered, it is not necessary for the movant or petitioner to plead and prove a good defense or cause of action, although the motion or petition is not acted upon until a succeeding term (citing, among other cases, Montague v. State, 184 Okla. 574, 89 P. 2d 283); and that, in any event, they established a valid defense and ground for affirmative relief under the rule of House v. Mainka, 196 Okla. 174, 163 P. 2d 225.

The plaintiffs argue (1) that the defendants are barred under the one year statute of limitations, since they and their predecessors in title have been in possession under the tax deed since May, 1940, and (2) that no abuse of discretion is shown in the order denying the petition to vacate, and that the defendants did not, in the trial court, rely upon the rule in House v. Mainka, which was not promulgated until after the order appealed from was entered.

It is apparent that four questions inhere in this case: (1) Was unavoidable casualty and misfortune shown? (2) Was it necessary for defendants to plead and prove a defense to secure a reversal of the order **refusing** to vacate the judgment? (3) Was such a defense shown? And (4) were defendants barred by limitations from defending and establishing their cross-petition?

1. We are committed to the rule that the abandonment of a client's cause of action by his attorney, without the knowledge of the client, constitutes "unavoidable casualty or misfortune" such as will authorize the court to vacate a default judgment under 12 O.S. 1941 §1031(7). Grayson v. Stith, 181 Okla. 131, 72 P. 2d 820, 114 A.L.R. 276. See, also, 31 Am. Jur. 293. It logically follows from this rule that the failure of counsel to prosecute or defend a cause, through no fault of the attorney or client, resulting in a default judgment being rendered against the client, constitutes such unavoidable casualty or misfortune. In 49 C.J.S. 510, the rule applicable here is stated as follows:

"The illness of a party's counsel, so severe as to prevent him from appearing and trying the case, is good ground for vacating the judgment, provided such party did not know of it in time to retain other counsel or was prevented in some other way from doing so."

We are of the opinion that the illness of Lucas and the lack of knowledge thereof by the other trustees was shown by the allegations of the petition to vacate, duly verified, by the affidavit of physician, by the stipulation, and by the failure of the plaintiffs to deny the same. It follows that, under such facts and the authorities above cited, unavoidable casualty or misfortune was sufficiently established.

2. We have long been committed to the rule (31 Am. Jur. 272) that courts of general jurisdiction have the inherent power to vacate or modify their judgments during the term at which they are rendered, and when a motion to vacate or modify is filed during the term, it may be acted on at succeeding terms (Carey v. Vickers, 38 Okla. 643, 134 P. 851), and that under such circumstances it is not necessary to plead or prove a defense to give the court jurisdiction to pass upon such a motion (Dryden v. Burkhart, 198 Okla. 239, 177 P. 2d 121; Montague v. State, above), and that an order sustaining a motion under such circumstances will not be disturbed on appeal unless a clear abuse of discretion is shown. State v. Muskogee Iron Works, above. An examination of the cases that have been called to our attention in which we have held that it is not necessary to plead and prove a defense in such a case discloses that in all such cases the trial courts **sustained** the motions to vacate or modify. Here we are reviewing an order **denying** such a petition. In Harlow Pub. Co. v. Tallant, 171 Okla. 579, 43 P. 2d 106, we affirmed an order **denying** a motion to vacate a judgment because no defense to the action was stated in the motion to vacate. We think this is a sound rule. It would be futile to reverse an order refusing to vacate unless the movant has a good defense or cause of action, as the case may be, and it cannot be said that the court abused its discretion in refusing to vacate the judgment in the absence of such a showing. It is clear that motions or petitions to vacate judgments, not void, prosecuted under 12 O.S. 1941 §1031 may not be sustained unless a good defense or cause of action is pleaded and established. 12 O.S. 1941 §1035.

We conclude that before a litigant is entitled to secure reversal of an order of the trial court **denying** a motion or petition to vacate a judgment, not void, he must have pleaded and established a good defense if a defendant, or a good cause of action if a plaintiff.

3. It is clear that the defendants, in their answer and cross-petition, stated facts, if true, constituting a good defense and cause of action. The allegation that the resale was not held as provided by law, while general and probably subject to a motion to make more definite and certain, was sufficient to sustain proof that the land was sold at the resale for an excessive amount. The stipulation that it was sold for the taxes for 1937 to 1939, both inclusive, can mean only that it was sold for all the 1939 taxes, including the fourth quarter. Under Lind v. McKinley, 196 Okla. 4, 161 P. 2d 1016, House v. Mainka, above, Sarkeys v. Evans, 197 Okla. 304, 170 P. 2d 229, and Carman v. McMahan 198 Okla. 367, 178 P. 2d 626, the advertisement or sale of land for the last quarter of the current year's taxes, not delinquent when the notice is first published, renders the sale invalid. The defendants pleaded a proper tender of the taxes. It follows that the answer and cross-petition stated a good defense and ground for affirmative relief.

4. Under the stipulation and authorities last cited, the resale was void. In Westerheide v. Wilcox, 190 Okla. 382, 124 P. 2d 409, this court held that possession under the one year and two year statutes of limitations does not bar an attack by the former owner against one claiming under a void tax deed, though the defect does not appear on the face of the tax deed. It follows that the plaintiffs did not acquire title by occupancy for the required length of time under 60 O.S. 1941 §333, and the defendants are not barred from making their defense under 12 O.S. 1941 §102, or from prosecuting their cross-petition as provided in 12 O.S. 1941 §273, and as held in Clark v. Duncanson, 79 Okla. 180, 192 P. 806, 16 A.L.R. 315.

We conclude that the trial court committed an abuse of discretion in denying the petition to vacate the judgment.

Reversed, with directions to vacate the judgment and to proceed not inconsistent with the views herein expressed.

DAVISON, V.C.J., and RILEY, BAYLESS, GIBSON, and ARNOLD, JJ., concur.