Michael Roy McELROY a/k/a Ronald Robert McElroy, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16493.

Court of Criminal Appeals of Oklahoma.

May 5, 1971.

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

Larry Derryberry, Atty. Gen., Larry French, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Ronald Robert McElroy, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County of the offense of Concealing Stolen Property; his punishment was fixed at six (6) months in the county jail and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated the evidence at the trial adduced that on June 7, 1970, Clayton Hogue owned a 1956 Chevrolet, two door hardtop, equipped with mag wheels, a custom black tuck rolled interior, custom steering wheel, stereo speakers, a jack and air conditioner cover. He testified that on the day in question his car was stolen near 23rd and McArthur in Oklahoma County. Three or four days later he saw some of his car's equipment on a 1957 Chevrolet convertible off Shields between 30th and 31st. He was able to identify the seat by a rip on the driver's side and one of the mag wheels by a chipped place. He notified the police and when they arrived at the car they opened the trunk and Hogue saw his jack, stereo speakers, speaker screen, an oogle horn, and air conditioner cover. He later saw his own car at Pucketts, completely stripped.

B. H. Satterfield of the Oklahoma City Police Department, testified that on June 11, 1970, he had a conversation with Clay-

ton Hogue as a result of which he went to 3110 South Oklahoma where he arrested the defendant for concealing stolen property and impounded his car. Defendant gave his name as Michael Roy McElroy, and after being advised of his rights told Satterfield that the Chevrolet convertible was his and that he had bought the mag wheels and seats from one not known to him and had gotten the other items from his brother. It was stipulated that the property of the convertible claimed by Hogue, except the oogle horn, was Hogue's.

Officer Waggoner, of the Oklahoma City Police Department, testified that he was with Satterfield at the arrest and booking of defendant. His testimony did not differ materially from Satterfield's.

Defendant testified that his true name was Ronald Robert McElroy and he had never told anyone it was Michael Roy McElroy. He bought the parts from a person unknown about 8:00 P.M. at Al's Hideaway. This person approached defendant and inquired if he wanted to buy some parts. He wanted $55.00, and showed defendant the items in the back of a red Ford panel truck. Defendant paid him $45 and took the parts. Defendant said the oogle horn was his and the jack belonged to a friend of his. He testified the mag wheels alone were worth about $45. He had gotten an estimate on a new seat cover job of $216 (including carpeting), but the seats and covers he bought were in just fair condition. Since his arrest and release he had watched at Al's Hideaway frequently in the evenings looking for the person who sold him the stuff. He testified that "there is always something and people that are hurting for money and sometimes you can get these things pretty cheap." He denied knowing these parts were stolen and when asked about reasonable cause to believe them stolen he replied:

"Well, I have run across things like that. I didn't know if it would be stolen or not. Kids get hard up sometimes and have cars wrecked and they sell parts." (Tr. 44).

He admitted to being under a deferment of sentence on a credit card forgery, in which he used the name "Ronald Lafoon."

Freeman Holderby testified he was with defendant at Al's Hideaway the evening that defendant bought the parts. He saw defendant pay the person and helped load the items into defendant's convertible during the noon recess, and the jack was one he had lent defendant. He and defendant had since looked and inquired around "the north side" for the person who sold the stuff.

Johnny Whitaker testified that he was with defendant at Al's Hideaway the night defendant bought the parts and overheard part of the conversation between the seller and defendant. The horn had belonged to defendant for sometime.

Mrs. J. D. McElroy testified that she was defendant's step-mother and that the horn on defendant's car was given him by her son, who got it from a wrecked car he had bought in 1965 and had given it to defendant in 1968.

The defendant's first proposition alleges that the verdict is not supported by the evidence. This Court has repeatedly held that where there is competent evidence in the record that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Gray v. State, Okl.Cr., 467 P.2d 518. We find this proposition to be without merit.

The final proposition contends that the punishment is excessive. Suffice it to say that the punishment imposed was well within the range provided by law.

The record is free of any error which would justify modification or reversal, and under such circumstances we are of the opinion that the Judgment and Sentence should be and the same is hereby affirmed.

NIX and BRETT, JJ., concur.