OSCN Found Document:BJORKMAN, ET AL. v. NOBLE

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 BJORKMAN, ET AL. v. NOBLE
2025 OK 62
Case Number: 121751
Decided: 09/30/2025
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2025 OK 62, __ P.3d __

 

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

ARVID J. BJORKMAN, individually and as Trustee of the A. James Bjorkman Trust dated Dec. 30, 2019; SHERRY HOUSTON; DANIEL R. MCCURLEY and JUDY MCCURLEY, husband and wife, individually and as Trustees of The Dan and Judy McCurley Trust dated Mar. 6, 2013; CORNELIA ANN MCCLAIN, individually and as Trustee of The Cornelia McClain Trust dated Dec. 3, 2015; JAMES BARRY MILLION and JOY MILLION, husband and wife, individually and as Trustees of the Barry Million and Joy Million Revocable Trust; RODNEY MADDEN and JEANA MADDEN, husband and wife, and as Trustee of the Jeana Dawn Madden Revocable Living Trust; OLIVER R. PRESSLEY, JR., and BRENDA PRESSLEY, husband and wife, Plaintiffs/Appellees,
v.
TERRY B. NOBLE, Defendant/Appellant.

ON CERTIORARI FROM THE COURT OF CIVIL APPEALS, DIVISION III

¶0 Appellant appeals from a post-judgment order of the district court denying his motion to vacate. The Court of Civil Appeals affirmed, and this Court granted certiorari. We hold that, under the facts and circumstances of this case, unavoidable casualty or misfortune prevented Appellant from defending the action against him, justifying the vacation of the judgment.

COURT OF CIVIL APPEALS' OPINION VACATED;
DISTRICT COURT'S JUDGMENT REVERSED AND REMANDED.

Wayne Bailey and Deni Ketterman, Green Country Law Group, Tahlequah, Oklahoma for Appellees.

Trevor Pemberton, Pemberton Law Group, PLLC, Oklahoma City, Oklahoma for Appellant.

Patrick G. Colvin, Jones, Gotcher & Bogan, P.C., Tulsa, Oklahoma, for Appellant.

Winchester, J. 

¶1 Appellees12 O.S.2021, §§ 1031

¶2 The questions before this Court are (1) whether the failure of Noble's attorney to participate in the litigation constituted unavoidable casualty or misfortune, requiring the judgment to be vacated; and (2) whether the district court's failure to conduct a hearing on damages and award of attorney fees without clear statutory or contractual authority deprived Noble of his due process rights, also then contributing to unavoidable casualty or misfortune. We answer both questions in the affirmative. We hold that the attorney's carelessness in litigating this matter, along with the district court's improper award of damages and fees, was significant enough to deny Noble his day in court, constituting unavoidable casualty or misfortune.

FACTS AND PROCEDURAL HISTORY

¶3 On September 8, 2021, Homeowners filed suit. Noble obtained an attorney and filed a timely answer. On April 4, 2022, Homeowners filed a motion for summary judgment, and on May 7, 2022, they requested the district court to rule without a hearing, citing Noble's failure to respond to the motion. On May 11, 2022, the district court granted the motion for summary judgment, and a day later, it entered a journal entry of judgment, awarding $75,000 in actual damages, $50,000 in punitive damages, and $20,000 in attorney's fees.

¶4 More than 30 days after judgment, Noble filed a petition to vacate. He argued that fraud had occurred because the evidence presented, including the affidavits attached to Homeowners' motion for summary judgment, did not support the damages or attorney's fees awarded. Noble also contended that unavoidable casualty and misfortune had taken place, as his attorney, David E. Johnson ("Johnson"), did not inform him about the motion for summary judgment, did not respond to it, and did not notify him that the district court entered judgment against him. Lastly, Noble sought to vacate the judgment due to irregularity in obtaining the judgment. The district court held an evidentiary hearing and denied Noble's petition to vacate. Noble appealed.

¶5 The Court of Civil Appeals ("COCA") affirmed, holding Noble failed to meet 12 O.S.2021, § 1033

STANDARD OF REVIEW

¶6 A district court's decision to vacate a judgment is reviewed for abuse of discretion. Ferguson Enters., Inc. v. H. Webb Enters., Inc., 2000 OK 7813 P.3d 480Okla. City Zoological Tr. v. State ex rel. Pub. Emps. Relations Bd., 2007 OK 21158 P.3d 461Midkiff v. Luckey, 1966 OK 49412 P.2d 175Id.

DISCUSSION

I. Noble properly pled a defense in his motion to vacate as required under .

¶7 The district court procedure to vacate or modify judgments more than 30 days after the judgment's filing is for the party to file a verified petition, and within the petition set forth a defense to the action among other requirements, then to serve that petition by issued summons. 12 O.S.2021, § 1033State ex rel. Hunt v. Liberty Inv'rs Life Ins. Co., 1975 OK 165543 P.2d 1390

¶8 Here, the district court held that Noble failed to comply with these requirements because he did not include a defense to the action. However, Noble argued that he properly complied by referencing his answer to the petition filed in the case, which included 13 affirmative defenses. We agree that reference to his answer provides a defense to the action. Even more, Noble's petition to vacate sets forth his defense to the actual damages, punitive damages, and attorney's fees awarded by the district court. Our Court has held that it is not necessary to set forth a valid defense for the entire cause of action. Instead, one must, at a minimum, provide a defense to a portion of the action. See State ex rel. Comm'rs of Land Office v. Jones, 1947 OK 29176 P.2d 992

II. Noble properly demonstrated unavoidable casualty or misfortune that prevented him from defending the action. 

¶9 To vacate a judgment, the petitioning party must present evidence to prove at least one of the scenarios outlined in § 1031. Noble claimed three: (1) unavoidable casualty or misfortune, (2) fraud, and (3) irregularity. 12 O.S.2021, § 1031

¶10 Earlier Oklahoma cases found that unavoidable casualty or misfortune referred to events that human prudence, foresight, and wisdom could not prevent--for example, sickness or death, mail mishaps, or mistakes in telegram delivery. Am. Bank of Commerce v. Chavis, 1982 OK 66651 P.2d 1321Id.

A. Johnson's inadvertent and careless representation of Noble.

¶11 Noble argues that Johnson's inadvertent and careless representation prevented him from properly defending this action. In another case, the Court has found that attorney negligence amounted to unavoidable casualty or misfortune. Chavis, 1982 OK 66651 P.2d 1321

¶12 In Chavis, the defendant delivered the petition and summons to an attorney that agreed to represent the defendant. The attorney marked the pleadings as "calendared" but did not place the response date on the docket book of the firm. After the attorney became aware that the deadline to file an answer had passed, the attorney called the deputy court clerk, who erroneously stated that no action to take judgment had been initiated. The plaintiff had in fact obtained a default judgment three days earlier. Id. ¶¶ 3-4, 651 P.2d at 1322. The defendant then moved to vacate the judgment, which the district court granted. On appeal, the Chavis Court held that normally the negligence of an attorney is imputed to the client, constituting negligence of the client and not unavoidable casualty and misfortune. Id. ¶ 9, 651 P.2d at 1323. However, the Court reasoned:

But having so determined, there remains the question of whether the gravity of the inadvertence or neglect of a party is such as ought, under the particular circumstances of each case, to deprive the neglectful party of his day in court.

Id. ¶ 12, 651 P.2d at 1324. The Court concluded that a breakdown in office procedure, when combined with reliance on incorrect information received from a deputy court clerk, created a valid basis for a district court to vacate the judgment. Id. ¶ 14, 651 P.2d at 1324.

¶13 Here, the gravity of Johnson's inadvertence and carelessness, along with reliance of misinformation like in Chavis, created a valid ground for the district court to vacate the judgment. Noble retained Johnson in the summer of 2021, and Johnson filed an answer on behalf of Noble on September 29, 2021. Despite Noble's repeated requests for status updates via text messages, phone calls, and office visits, Johnson ignored these inquiries. Johnson did not communicate with Noble between February 2022 and June 2022. During this period, the Homeowners filed a motion for summary judgment, which Johnson failed to respond to or inform Noble about. As a result, Noble became aware of the judgment over 30 days after the district court issued it when a sheriff attempted to execute the judgment. Noble then notified Johnson, who did not know that Homeowners had filed a motion for summary judgment.

¶14 Johnson was unaware of the motion due to a disruption in his internal office procedures. He had been working from home to care for his six children and was rarely in the office. He was checking the mail at his office, at most, once a week. Johnson admitted that if he had not been working from home for personal reasons, he would have received the motion for summary judgment in a timely manner and, at a minimum, reached out to Noble to inform him of the motion.

¶15 Johnson also testified that he believed that Noble had terminated his representation before Homeowners filed the motion. Noble had not received any response from Johnson regarding the status of the work he was to perform, which involved drafting new covenants for the real estate development at the center of this litigation. Noble went to Johnson's office while Johnson was not present and retrieved a file related to this work. Johnson interpreted this action as an indication that Noble had fired him. However, Johnson never had a conversation with Noble, confirming that he was no longer representing him. Additionally, Johnson did not file a motion to withdraw. 

¶16 Johnson effectively abandoned the representation of Noble without any prior notice. Our Court has long been committed to the rule that the abandonment of a client's cause of action by his attorney, without the knowledge of the client, constitutes unavoidable casualty or misfortune. Rogers v. Sheppard, 1948 OK 86192 P.2d 643McLaughlin v. Nettleton, 1915 OK 272148 P. 987 Grayson v. Stith, 1937 OK 61072 P.2d 820Hart v. Pharaoh, 1961 OK 45359 P.2d 1074

¶17 In this case, Johnson abandoned this case without Noble's knowledge. This abandonment, combined with a breakdown in office procedures and miscommunication that led Johnson to mistakenly believe he had been fired, constituted unavoidable casualty and misfortune. We have consistently emphasized that the district court is vested with the discretion to vacate judgments where justice would better be served by permitting a litigant to have his "day in court." Burroughs v. Bob Martin Corp., 1975 OK 80536 P.2d 339

B. The district court's award of damages violated Noble's due process rights. 

¶18 The district court deprived Noble of due process in awarding actual and punitive damages without holding a hearing, contributing to unavoidable casualty or misfortune. Parties have a statutory right to a hearing on the extent of damages. Payne v. DeWitt, 1999 OK 93995 P.2d 1088

If the taking of an account, or the proof of a fact, or the assessment of damages, be necessary to enable the court to pronounce judgment upon a failure to answer, or after a decision of an issue of law the court may, with the assent of the party not in default, take the account, hear the proof, or assess the damages.

12 O.S.2021, § 688 both the plaintiff and the defendant can participate in the proceedings by cross-examining witnesses and introducing evidence on their own behalf. Payne, 1999 OK 93Payne, the defendant answered the lawsuit but failed to participate further in the litigation. Id. ¶¶ 3-4, 955 P.2d at 1091. The district court sanctioned the defendant, finding the defendant liable. The district court then held a hearing on damages; however, the defendant was not allowed to participate in the hearing due to the sanctions imposed. Id. ¶¶ 5-6, 955 P.2d at 1091. Our Court held that the district court erred by not allowing the defendant to participate in the hearing, explaining that the defendant had a statutory right to a hearing and the sanction stripped the defendant of his due process rights. Id. ¶¶ 12, 14, 955 P.2d at 1095.

¶19 Here, Homeowners contend that this statutory right to a hearing did not apply in this case because the judgment was not a default judgment. However, the statute explicitly states the right to a hearing also exists "after a decision of an issue of law." 12 O.S.2021, § 688Payne, because summary judgment was entered after Noble failed to respond. The district court in Payne conducted a damages hearing, albeit without the defendant's participation, which this Court ruled was not enough. In this case, the district court failed to hold any hearing. The district court entered judgment and granted $75,000 in actual damages and $50,000 in punitive damages, despite the motion for summary judgment requesting only $907.00 in damages. The failure to conduct a hearing on damages robbed Noble of his statutory right and undermined the protections against an unwarranted amount of damages, violating his due process rights. Id. ¶ 13, 955 P.2d at 1095.

C. The district court's award of attorney's fees violated Noble's due process rights. 

¶20 In the same way, the attorney fee award was not supported by law or evidence as required by Oklahoma law. The district court allowed an unjustified amount of fees to be awarded against Noble, contributing to unavoidable casualty or misfortune.

¶21 Oklahoma follows the American Rule in that each litigant bears the cost of their legal representation, and our courts are without authority to award attorney's fees in the absence of a specific statute or contract between the parties. Winters v. City of Okla. City, 1987 OK 63740 P.2d 724 On appeal, Noble contends that there is no statute or specific contract that allows fees in this case. Homeowners, citing to Winters, argue that an award of attorney's fees was proper as Oklahoma courts can award fees under their equitable powers. However, the Winters Court recognized only the bad faith exception to the American Rule, which the district court did not invoke in this case. Id. ¶¶ 12, 17, 740 P.2d at 727, 728.

¶22 In seeking fees, attorneys are also required to present to the district court detailed time records showing the work performed and offer evidence as to the reasonable value for the services performed. State ex rel. Burk v. City of Okla. City, 1979 OK 115598 P.2d 659 Fleig v. Landmark Constr. Grp., 2024 OK 25549 P.3d 1208Id. ¶ 19, 549 P.3d at 1212.

¶23 Here, Homeowners failed to file an application for attorney fees setting out the legal basis for fees and to provide the district court with affidavits or billing statements to support their attorney fee request. Despite this, the district court awarded $20,000 by noting this amount in the journal entry of judgment, without any basis or calculations to justify the amount and without holding a hearing. This action by the district court also violated Noble's due process rights by allowing a fee award against him without proper justification.

CONCLUSION

¶24 A breakdown in office procedures, abandonment of the case due to a miscommunication between Noble and Johnson, and an award of damages and attorney fees without due process resulted in the entry of summary judgment and unsupported damages against Noble. Under the facts and circumstances of this case, we hold that the district court abused its discretion in failing to vacate the judgment based on the grounds of unavoidable casualty or misfortune. We vacate COCA's opinion, reverse the district court's ruling, and remand for proceedings consistent with this opinion.

¶25 Further, Homeowners filed an Application for Attorney Fees on Appeal, requesting fees as the prevailing party. On March 13, 2025, COCA granted their request. We vacate COCA's March 13th Order granting the Application for Attorney Fees on Appeal as Homeowners did not prevail on appeal.

COURT OF CIVIL APPEALS' OPINION VACATED;

DISTRICT COURT'S JUDGMENT REVERSED AND REMANDED.

CONCUR: Winchester, Edmondson, Combs, Gurich, Darby, and Kane, J.J.

CONCUR IN PART; DISSENT IN PART: Kuehn, V.C.J. (by separate writing).

DISSENT: Rowe, C.J., and Jett, J. (by separate writing).

FOOTNOTES

State ex rel. Okla. Bar Ass'n v. Johnson, 2024 OK 62555 P.3d 1241 the disciplinary matter, we held that the necessity of Noble's appeal was "caused by [Johnson's] lack of communication and diligence in representation." Id. ¶ 42, 555 P.3d at 1254 Our Court also concluded that Johnson's excuse in the Noble matter that he thought he had been fired was "unconvincing and it was his responsibility to confirm whether he had been terminated." Id.

 

 

KUEHN, V.C.J., CONCURRING IN PART, DISSENTING IN PART:

¶1 I agree with the Majority that the judgment should have been vacated for unavoidable casualty or misfortune, but I disagree that Johnson's negligence constituted unavoidable casualty or misfortune. I also disagree with the Majority that Noble's reference to his answer in his petition to vacate provided a defense to the action. Finally, I would decline to consider whether the district court's failure to conduct a hearing on damages deprived Noble of his due process rights.

Section 1033's Requirement that a Defendant Set Forth a "Defense to the Action"

¶2 Section 1033 of Title 12 provides that

If more than thirty (30) days after a judgment, decree, or appealable order has been filed, proceedings to vacate or modify the judgment, decree, or appealable order, on the grounds mentioned in paragraphs 2, 4, 5, 6, 7, 8, and 9 of Section 1031 of this title, shall be by petition, verified by affidavit, setting forth the judgment, decree, or appealable order, the grounds to vacate or modify it, and the defense to the action, if the party applying was defendant. On this petition, a summons shall issue and be served as in the commencement of a civil action.

12 O.S. § 1033

¶3 The Court of Civil Appeals ("COCA") agreed with the trial court that Noble failed to include a "defense to the underlying action" in his petition to vacate. The Majority holds that Noble's reference to his answer provided a defense to the action. I disagree with both COCA and the Majority. Noble referenced his answer in a summary of the procedural history of this matter. He neither incorporated his answer by reference nor failed to include any defense to the action.

¶4 In State ex rel. Commissioners of Land Office v. Jones, this Court held that a petition to vacate's inclusion of a partial defense to a judgment awarding an amount larger than was actually due constituted a meritorious defense. 1947 OK 29176 P.2d 992

Negligence Alone Is Not an Unavoidable Casualty

¶5 I disagree with the Majority that Johnson's negligence as Noble's counsel combined with Johnson's decision to work from home and rarely appear at his office constituted an unavoidable casualty under Section 1031(7) of Title 12. This Court has considered and rejected similar arguments that an attorney's negligence alone created an unavoidable casualty. In Williams v. Meeker N. Dawson Nursing, LLC, this Court summarized previous examples of unavoidable causalities:

Coulsen also concluded that there were no extenuating circumstances present to show an unavoidable casualty or misfortune, by distinguishing Oklahoma case law from the facts of the case at hand: There was no reliance on erroneous docket information supplied by a court clerk (Chavis), illness (Tedford), or misdocketing (Heitman). Nor were the parties in the middle of a hearing when the default occurred (Branch). The parties were not proceeding pro se (Nelson) but were each represented by counsel. ... We further find that, unlike the attorneys in Ross, Defendant did not ignore repeated requests to comply with a deadline.

2019 OK 80455 P.3d 908

¶6 The Majority is, correctly, sympathetic to Noble's predicament. However, instead of creating a new test that requires a court to make case-by-case findings to determine whether counsel's negligence was egregious enough for an unavoidable casualty to have occurred, this Court should maintain the bright line rule that negligence plus a mistake or miscommunication by a court clerk constitutes an unavoidable casualty or misfortune. See, e.g., Chavis, 1982 OK at ¶ 14, 651 P.2d at 1324.

¶7 Johnson's negligence was egregious and unfair to his client. However, this Court has repeatedly "held that 'the negligence of an attorney while representing his client is imputed to the client and constitutes negligence of the client, and accordingly does not constitute unavoidable casualty and misfortune, justifying the vacation of a judgment.'" Williams, 2019 OK at ¶ 23, 455 P.3d at 915 (quoting Chavis, 2019 OK at ¶ 9, 651 P.2d at 1323). A client who believes they were injured by an attorney's alleged negligence is not without options; the client may bring a legal malpractice claim and/or file a complaint with the Oklahoma Bar Association. See, e.g., Norton v. Hughes, 2000 OK 325 P.3d 588State ex rel. Okla. Bar Ass'n v. Johnson, 2024 OK 62555 P.3d 1241

Abandonment Is an Unavoidable Casualty

¶8 The Majority goes to great lengths to explain that Johnson's negligence provided valid grounds for the trial court to vacate the judgment before mentioning that Johnson's abandonment of the case, without Noble's knowledge, also amounted to an unavailable casualty or misfortune. The Majority need not evaluate whether Johnson's negligence was significant enough to create an unavoidable casualty; Johnson abandoned his client and abandonment by an attorney is grounds for vacating a judgment.

¶9 In Grayson v. Stith, this Court distinguished between an attorney's negligence and an attorney "abandoning his client's case and withdrawing therefrom without notice to his client." 1946 OK 45165 P.2d 984Grayson, "was unavoidable casualty and misfortune which would justify the setting aside of such judgment." Id. In Hart v. Pharaoh, this Court affirmed a vacatur of judgment after concluding that an interpleader's counsel abandoned his client even though counsel did not withdraw. 1961 OK 45359 P.2d 1074

¶10 Johnson testified that he believed Noble had terminated his representation in this matter, but he failed to (1) communicate to Noble that he understood that Noble had terminated his services, and (2) withdraw as counsel of record. The trial court should have vacated the judgment not because Johnson's negligence was an unavoidable casualty, but because Johnson abandoned the case without notice to Noble.

Irregularity Is Not Available Under 

¶11 COCA considered and rejected Appellant's argument that the award of damages was an irregularity. Appellant's argument fails, not because Appellant failed to show a "serious jurisdictional defect," but because vacating a judgment for irregularity is not an option when a petition to vacate is filed more than thirty days after a judgment has been entered. Section 1033 of Title 12 provides that a petition to vacate may be filed "on the grounds mentioned in paragraphs 2, 4, 5, 6, 7, 8, and 9 of Section 1031." 12 O.S. § 103312 O.S. § 1033

¶12 Here, the order granting Appellees' Motion for Summary Judgment was entered on May 11, 2022 and the Journal Entry of Judgment was entered on May 12, 2022. Appellant filed the Petition to Vacate on July 25, 2022. Because the petition to vacate was filed more than thirty days after the judgment was filed, COCA should have rejected the irregularity argument on procedural grounds.

Award of Damages

¶13 Because vacation of the judgment also vacates the award of damages and attorney's fees, I would decline to consider whether the district court's failure to conduct a hearing on damages and award of attorney's fees deprived Noble of his due process rights. 

FOOTNOTES

See, e.g., Knell v. Burnes, 1982 OK 35645 P.2d 471

 

 

Jett, J., dissenting:

¶1 I respectfully dissent from the majority's holding that the trial court abused its discretion in refusing to vacate the judgment entered against Defendant/Appellant Terry B. Noble (Defendant or Noble).

¶2 Summary judgment was entered in favor of Plaintiffs/Appellees

¶3 Under the abuse of discretion standard, we reverse only if the trial court's "discretion is exercised to an end or purpose not justified by, and clearly against, reason and evidence." Washington v. Tulsa Cnty., 2006 OK 92151 P.3d 121Patel v. OMH Med. Ctr., Inc., 1999 OK 33987 P.2d 1185

I.

¶4 We have long held that a trial court's decision on a motion to vacate will not be disturbed absent an abuse of discretion. Ry. Exp. Agency, Inc. v. Jansen, 1960 OK 117351 P.2d 1071Washington, 2006 OK 92

¶5 When this Court reviews a trial court's ruling on a motion to vacate, the inquiry is focused on the correctness of the response to the motion to vacate, not on the underlying merits of the original judgment. See Yery v. Yery, 1981 OK 46629 P.2d 35712 O.S.1961 § 103112 O.S. § 1031preventing the party from prosecuting or defending . . . ." (emphasis added). The vacatur inquiry under 12 O.S. § 1031 

II.

¶6 It was not an abuse of discretion for the trial court to reject Defendant's claim of unavoidable casualty or misfortune. Beginning before statehood, it has been recognized in Oklahoma that negligence of counsel alone is not a sufficient basis to prove unavoidable casualty or misfortune. Marshall v. Marshall, 1898 OK 6854 P. 461See Upton v. Shipley, 1935 OK 9440 P.2d 1048Pickering Lumber Co. v. Lacy, 1935 OK 12344 P.2d 42Cunningham v. Cunningham, 1977 OK 203571 P.2d 839

¶7 Similarly, the parties have not cited, and I am unaware of, any cases in which we have held there to be unavoidable casualty or misfortunate based on a combination of attorney negligence and miscommunication between a party and their counsel without additional aggravating factors. Instead, "to be categorized as an unavoidable casualty or misfortune, the circumstance must be an event 'which human prudence, foresight, and sagacity, could not prevent, such as sickness and death, miscarriage of the mails, mistake in working of a telegram, etc.'" Williams v. Meeker N. Dawson Nursing, LLC, 2019 OK 80455 P.3d 908 Am. Bank of Com. v. Chavis, 1982 OK 66651 P.2d 1321see also Rogers v. Sheppard, 1948 OK 86192 P.2d 643Kellogg v. Smith, 1935 OK 20842 P.2d 493McLaughlin v. Nettleton, 1909 OK 313105 P. 662

¶8 The majority relies heavily upon American Bank of Commerce v. Chavis, 1982 OK 66651 P.2d 1321Chavis, default judgment was entered against a client after his lawyer mis-docketed the answer date for a petition. Id. ¶ 3, 651 P.2d at 1322. This Court affirmed the trial court's vacation of the default judgment reasoning:

[A] breakdown in office procedure, together with reliance upon misinformation received by telephone from a deputy court clerk resulted in Chavis's attorney filing an entry of appearance in the case four days after the appearance date indicated on the summons and three days after default judgment was taken by the plaintiff in the cause.

Id. ¶ 14, 651 P.2d at 1324. The Chavis court reasons, "Under the facts and circumstances of this case, we hold that the trial court did not clearly abuse its discretion in setting aside the default judgment . . . ." Id. (emphasis added).

¶9 Chavis is distinguishable both in posture and in fact. First, in Chavis, we affirmed the trial court's decision to grant a motion to vacate because it "did not clearly abuse its discretion in setting aside the default judgment." Id. ¶ 14, 651 P.2d at 1324. Applying the abuse of discretion standard of review, the Chavis court deferred to the trial court's ruling. Id. In this case, Appellant invites us to overrule the decision of the trial court. We should offer the deference required under the abuse of discretion standard and affirm the trial court as we did in Chavis.

¶10 Second, Chavis was not based solely on the negligence of counsel in mis-docketing a case. Counsel for the defendant received incorrect information from the court clerk regarding the status of the case. This is an important and distinguishing fact as we have on other occasions vacated judgments when the judiciary played a role in the casualty and misfortune. Oklahoma City v. Castleberry, 1966 OK 68413 P.2d 556Jansen, 1960 OK 117

¶11 In this case, Defendant's failure to respond had nothing to do with the court or court clerk. Instead, according to Defendant, the failure to respond resulted from counsel's lack of diligence and a miscommunication arising from Defendant's decision to remove his file from his lawyer's office. I would not expand Chavis to this case where (1) we are asked to reverse the trial court's decision as an abuse of discretion and (2) the judicial branch played no role in the alleged casualty and misfortune.

¶12 To support its conclusion that summary judgment was entered due to unavoidable casualty and misfortune, the majority considers Defendant's argument as to the legal correctness of the underlying judgment. However, the text of 12 O.S. § 1031preventing the party from prosecuting or defending . . . ." (emphasis added). I disagree with the majority's consideration of the legal correctness of the damages awarded against Defendant because this decision is limited to "Noble's claim that unavoidable casualty or misfortune prevented him from defending the action." Maj. Op. ¶ 9. This "appeal does not concern the correctness of the original order, but the correctness of the district court's response to [the appellant's] motion to vacate." In re B. H., 2022 OK 80519 P.3d 91

¶13 In my view, the trial court did not abuse its discretion by refusing to vacate the judgment against Noble. Rather than expanding Chavis to vacate Plaintiffs' judgment, I would allow Noble to pursue his remedy directly against Johnson. This case does not possess the hallmarks of unavoidable casualty or misfortune we have relied upon in the past. I believe the trial court should be affirmed.

III.

¶14 Though I believe legal correctness of the underlying judgment is not before the Court in this appeal, I am compelled to address the majority's statement that "[p]arties have a statutory right to a hearing on the extent of damages." Maj. Op. ¶ 18. I am concerned this passage may be misconstrued to create a proliferation of litigation that is unnecessary and unwarranted under Oklahoma law.

¶15 According to 12 O.S. § 688

If the taking of account, or the proof of a fact, or the assessment of damages, be necessary to enable the court to pronounce judgment upon a failure to answer, or after a decision of an issue of law the court may, with the assent of the party not in default, take the account, hear the proof, or assess the damages.

In Payne v. Dewitt, the Court stated, "[i]n the assessment of damages following entry of default judgment, a defaulting party has a statutory right to a hearing on the extent of unliquidated damages" and cited 12 O.S. § 6881999 OK 93995 P.2d 1088Payne Court adopted a questionable reading of § 688, which states "the court may . . . take the account, hear the proof, or assess the damages." (emphasis added). Payne's holding, however, will often have limited applicability, especially with motions for summary judgment. I do not believe the majority opinion should be read as expanding Payne to grant a right to a hearing on damages in all cases in which a court decides an issue of law.

¶16 In some circumstances a default judgment is entered with the petition being the only document before the court. Often petitions are unverified, without documentary evidence, and missing a claim for a specific amount of damages. When this is the case, the trial court will need to conduct a hearing or otherwise take evidence to assess the damages.

¶17 In other cases, however, there is no need for a subsequent hearing on damages upon default. For instance, there is no need for a subsequent hearing when a defendant defaults in a case to collect on a promissory note when the note is attached to the petition. In that circumstance, damages are liquidated, and no additional evidence is needed. Similarly, motions for summary judgment may include evidence of damages claimed previously in the petition. When this is the case, it will often be unnecessary for the trial court to hold a subsequent hearing on damages regardless of whether the opposing party responds to the motion for summary judgment.

¶18 In my view, the majority opinion should not be read to expand Payne to require a hearing on damages in all cases in which the court decides an issue of law.

IV.

¶19 Because the trial court did not abuse its discretion in denying Defendant's motion to vacate, I respectfully dissent.

FOOTNOTES

Noble v. Johnson, No. CJ-2023-57 (Cherokee Co. Dist. Ct.).

Further, the facts in this matter are distinguishable from Hart v. Pharaoh, 1961 OK 45359 P.2d 1074Hart, the attorney expressly admitted to abandoning his client's case after a conversation with the opposing party. 1961 OK 45Id. Unlike the lawyer in Hart, Johnson has not admitted to abandoning the case. Moreover, the testimony in the record indicates Johnson would have notified Noble of the summary judgment motion but for the negligence in office administration. Perhaps most important, the miscommunication in this case did not arise from a misstatement by the opposing party. Instead, it arose from Noble's decision to remove his file from Johnson's office. This is not an instance of abandonment that justifies vacating a judgment based on unavoidable casualty or misfortune.

Chavis. Williams v. Meeker N. Dawson Nursing, LLC, 2019 OK 80455 P.3d 908

 
 
 
 
 
 
 
 
 
 The Oklahoma Supreme Court
 2100 N. Lincoln Blvd., Suite 1
 Oklahoma City, OK 73105